# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROGELIO CORREL MEDRANO and
MARIA MEDRANO,
        Plaintiffs,

    v.                                Case No. 08C0222

JUDGE KITTY K. BRENNAN, et al.,
        Defendants.

## DECISION AND ORDER

Plaintiffs Rogelio and Maria Medrano brought this declaratory judgment action against various Milwaukee County judges and attorneys, seeking a declaration interpreting Wisconsin statutes and case law that could impact the validity of Rogelio Medrano's 1991 guilty plea and conviction, the basis for an order resulting in Medrano's deportation to Mexico. Before me now is defendants' motion to dismiss the action for lack of subject matter jurisdiction.

Subject-matter jurisdiction involves the court's power to hear a case. United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction. NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

In this case, plaintiffs are invoking federal jurisdiction and assert that subject matter jurisdiction is proper under the Declaratory Judgment Act, 28 U.S.C. § 2201. I disagree.

The Declaratory Judgment Act does not operate as an independent grant of jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). It is procedural only, enlarging the remedies available rather than enlarging federal jurisdiction. Id. Thus, plaintiffs' suggestion that subject matter jurisdiction arises solely from § 2201 is invalid, and plaintiffs' federal court action is proper only if there is some other basis for subject matter jurisdiction. The complaint suggests no such basis. At least one party on each side is a domiciliary of Wisconsin; thus, no diversity of citizenship exists under 28 U.S.C. § 1332. See Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993). Moreover, plaintiffs seek only an interpretation of Wisconsin law, and "the Declaratory Judgment Act cannot be used to confer federal jurisdiction over a suit for a declaration of rights under state law." Ill. ex rel. Barra v. Archer Daniels Midland Co., 704 F.2d 935, 941 (7th Cir. 1983). As plaintiffs have suggested no basis for jurisdiction other than 28 U.S.C. § 2201, and I have discovered none, they have failed to meet their burden and I must therefore dismiss the action.

Therefore,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED** and this action is **DISMISSED** for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin this 6 day of June, 2008.

/s
LYNN ADELMAN
District Judge